UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAYSA YOKASTA LEON,

                Plaintiff,

-against-

NECESSARY OBJECTS, LTD.; THE
FASHION POET LLC; JUNIPER 08 LLC;
and ADY GLUCK-FRANKEL,

                Defendants.

Case No.:

**COMPLAINT**

Plaintiff RAYSA YOKASTA LEON ("Plaintiff"), by and through undersigned counsel, alleges upon personal knowledge as to herself and upon information and belief as to all other matters as follows:

## 1. NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) and violations of Articles 6 and 19 of the New York Labor Law (NYLL), the Wage Theft Prevention Act (WTPA), and supporting New York State Department of Labor regulations.

## 2. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Plaintiff's work for Defendants in Kings County, New York.

## 3. PARTIES

4. Plaintiff Raysa Leon is an adult individual residing in Bronx County, New York.

1

5.      Defendant Necessary Objects, Ltd. ("Necessary Objects") is, upon information and belief, a New York domestic business corporation that operated an apparel business in New York. Upon information and belief, Necessary Objects employed Plaintiff directly or jointly during part of her employment.

6.      Defendant The Fashion Poet LLC ("Fashion Poet") is, upon information and belief, a New York limited liability company that operated the same or a related apparel business in New York. Upon information and belief, Fashion Poet employed Plaintiff directly or jointly during part of her employment, including near the end of her employment.

7.      Defendant Juniper 08 LLC ("Juniper 08") is, upon information and belief, a business entity or payor used in connection with the same apparel enterprise. Juniper 08 issued checks to Plaintiff for work Plaintiff performed for Defendants and is properly named as a direct employer, joint employer, or payor of Plaintiff's wages.

8.      Defendant Ady Gluck-Frankel ("Gluck-Frankel") is an individual who, upon information and belief, owned, managed, operated, or controlled the corporate Defendants and acted directly or indirectly in their interest in relation to Plaintiff.

9.      At all relevant times, Defendants were employers or joint employers of Plaintiff within the meaning of the FLSA and NYLL.

## 4. **FACTUAL ALLEGATIONS**

10.      Plaintiff was hired by Gluck-Frankel in approximately 2006.

11.      Plaintiff worked as an office assistant performing non-managerial production-support and shipping-related work for Defendants' apparel business.

12.      Plaintiff's employment ended on December 4, 2024.

13.      Plaintiff expected to be paid a flat salary of $1,000 per week.

14. Plaintiff ordinarily worked approximately 35 hours per week. Beginning in or about October 2024, Plaintiff worked approximately 30 hours per week.

15. Plaintiff was generally paid by check. During 2024, Defendants used personal checks or checks drawn on Juniper 08 for at least some payments, while failing to pay Plaintiff all wages due.

16. From approximately June 2024 through the end of her employment, one or more Defendants failed to pay Plaintiff all wages due. Any intermittent payments were partial and left wages outstanding.

17. Because Defendants often paid Plaintiff nothing at all, or paid only a fraction of the wages due, Plaintiff's effective hourly rate for those weeks fell below both the federal minimum wage and the higher New York minimum wage.

18. From approximately June 2024 through the end of her employment, Plaintiff repeatedly notified one or more Defendants that wages remained unpaid, yet Defendants continued to require Plaintiff to work, failed to pay all wages due, made only partial payments, and failed to provide accurate written wage information concerning the wages owed.

19. Plaintiff performed her work in New York and regularly handled goods, materials, labels, tickets, and merchandise moving in or produced for commerce.

20. Upon information and belief, Defendants employed multiple employees engaged in commerce or in handling goods or materials that moved in commerce and had annual gross sales or business done in excess of $500,000.

21. Upon information and belief, Necessary Objects, Fashion Poet, and Juniper 08 were part of the same integrated apparel enterprise or acted as joint employers of Plaintiff.

3

22.     Upon information and belief, Necessary Objects, Fashion Poet, and Juniper 08 acted as joint employers of Plaintiff or participated in the payment of Plaintiff's wages during her employment.

23.     Upon information and belief, the corporate Defendants shared common management, operational control, or payment practices, and Gluck-Frankel exercised control over their operations and Plaintiff's employment.

24.     Gluck-Frankel exercised formal and operational control over Plaintiff's employment, including hiring Plaintiff, supervising her work, determining her pay, and maintaining or controlling payroll and employment records.

25.     Defendants failed to provide Plaintiff, at hiring and thereafter as required by law, with an accurate wage notice stating, among other things, her rate or rates of pay, basis of pay, regular payday, and the identity and contact information of her employer or employers.

26.     Defendants also failed to furnish Plaintiff with accurate wage statements with each payment of wages, as required by NYLL § 195(3).

27.     Where Defendants made payments, they did not provide accurate wage statements identifying the employer, the pay period, the rate or rates of pay, the wages due, the wages paid, and the amounts remaining unpaid.

28.     Defendants' failures to provide compliant wage notices and accurate wage statements caused Plaintiff concrete informational and economic harm. Because Defendants used multiple entities and payors, including personal checks or checks drawn on Juniper 08, and failed to provide accurate written wage information, Plaintiff could not readily determine which entity or entities were responsible for her wages, what pay periods particular payments covered, what wages had been paid, and what wages remained due, which impeded her ability to promptly verify her shortfalls and seek full payment.

4

**5.  CAUSES OF ACTION**

### 5.1.  FLSA – FAILURE TO PAY MINIMUM WAGES - 29 U.S.C. §§ 206 and 216(b)

29.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

30.    At all relevant times, Defendants were employers or joint employers of Plaintiff within the meaning of the FLSA.

31.    At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because they had employees engaged in commerce or handling goods or materials moved in commerce and had annual gross sales or business done of at least $500,000.

32.    Alternatively, Plaintiff herself was individually engaged in commerce and in the handling of goods and materials that had moved in interstate commerce.

33.    Defendants' failure to pay minimum wages was willful because Defendants, including Gluck-Frankel, controlled Plaintiff's pay and payroll practices, knew Plaintiff was performing work for Defendants, and nevertheless failed for months to pay all wages due or to make adequate inquiry into whether their pay practices complied with the FLSA.

34.    Defendants' failure to pay minimum wages was willful.

35.    As a result, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, attorneys' fees, costs, and all other relief available under the FLSA.

### 5.2.  NYLL – FAILURE TO PAY MINIMUM WAGES - N.Y. Lab. Law §§ 652 and 663

36.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

37.    In one or more workweeks from approximately June 2024 through December 4, 2024, Defendants failed to pay Plaintiff any wages at all or paid only a fraction of her earned wages, causing Plaintiff's effective hourly rate for those weeks to fall below the applicable New York minimum wage.

38.    Defendants' underpayment and nonpayment of wages violated Article 19 of the NYLL.

39.    As a result, Plaintiff is entitled to recover the full amount of underpaid wages, liquidated damages, attorneys' fees, costs, and all other relief available under the NYLL.

### 5.3. NYLL – UNPAID WAGES AND FAILURE TO TIMELY PAY WAGES N.Y. Lab. Law §§ 191 and 198

40.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

41.    Defendants failed to pay Plaintiff all wages earned from approximately June 2024 through December 4, 2024, including wages due on Defendants' regular payday and at the end of Plaintiff's employment.

42.    Defendants' failure to pay wages due violated the NYLL.

43.    As a result, Plaintiff is entitled to recover all unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other relief available under the NYLL.

### 5.4. NYLL/WTPA – FAILURE TO PROVIDE WAGE NOTICE - N.Y. Lab. Law §§ 195(1) and 198(1-b)

44.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

45.    Defendants failed to provide Plaintiff, at hiring and thereafter as required by law, with the wage notice required by NYLL § 195(1).

46.    Defendants' failure to provide the required wage notice caused Plaintiff concrete informational harm by depriving her of the written information necessary to identify the responsible employer or employers, the basis and rate of pay, and the regular payday, thereby impeding her ability to promptly detect and challenge Defendants' wage violations.

47.    As a result, Plaintiff is entitled to statutory damages, costs, attorneys' fees, and such other relief as the Court deems just and proper.

### 5.5. **NYLL/WTPA – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS N.Y. Lab. Law §§ 195(3) and 198(1-d)**

48. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

49. Defendants failed to furnish Plaintiff with accurate wage statements with each payment of wages.

50. Where Defendants made payments, they failed to provide accurate wage statements identifying the employer, pay period, rate or rates of pay, wages due, and wages paid.

51. Defendants' failure to provide accurate wage statements caused Plaintiff concrete informational and economic harm by preventing her from determining what wages had been paid, what wages remained due for particular pay periods, and which entity or entities were responsible, thereby impeding her ability to timely seek full payment.

52. As a result, Plaintiff is entitled to statutory damages, costs, attorneys' fees, and such other relief as the Court deems just and proper.

## 6. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, as follows:

A. declaring that Defendants violated the FLSA and the NYLL;

B. awarding Plaintiff all unpaid wages and minimum wages due;

C. awarding Plaintiff liquidated damages as permitted by the FLSA and NYLL;

D. awarding Plaintiff statutory damages under NYLL §§ 198(1-b) and 198(1-d);

E. awarding Plaintiff prejudgment and post-judgment interest as permitted by law;

F. awarding Plaintiff reasonable attorneys' fees and costs;

G. awarding such declaratory, injunctive, equitable, and other relief as the Court deems just and proper.

Dated: April 1, 2026
       Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com

8

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre:   Raysa Leon

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: Raysa Leon (Jul 17, 2025 19:20 EDT)          Date/Fecha:   **July 17, 2025**